

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,821-01

### EX PARTE JOHNNY MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2010-0137-A IN THE 16TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault

of a child and sentenced to ninety-nine years' imprisonment. The Eighth Court of Appeals affirmed

his conviction. Martinez v. State, No. 08-11-00311-CR (Tex. App. – El Paso, January 23, 2013, *pet.*

*ref'd.*).

Applicant contends that his trial counsel rendered ineffective assistance for various reasons,

some of which are facially without merit. However, trial counsel has not responded to Applicant's

allegations, and the habeas record is insufficient to address all of Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he sought out and interviewed potential witnesses prior to trial, and whether he considered calling character witnesses to testify on Applicant's behalf at the punishment stage. Counsel shall state what advice, if any, he gave to Applicant with regard to whether Applicant should take the stand and testify on his own behalf, and as to the advantages and disadvantages of doing so. Counsel shall state whether he prepared Applicant to testify, and if so, how he did so. Counsel shall state whether he requested or received notice of the State's intention to introduce evidence of extraneous offenses or bad acts at the guilt/innocence stage. Counsel shall state why he did not object when the complainant testified that Applicant had previously been accused of, or had confessed to, extraneous acts of sexual misconduct, and when a detective testified that she had investigated Applicant in a prior case. Trial counsel shall state why he elicited testimony from Applicant that he had been in jail for two years before trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

3

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish